UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA BOLIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-CV-2939 NAB |
| | ) |
| KILOLO KIJAKAZI[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Lisa Bolin's appeal regarding the denial of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 8.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**I.**    **Background**

On May 13, 2016, Bolin applied for DIB and SSI, alleging that she had been unable to work due to disability since April 11, 2015. (Tr. 434-447.) Bolin alleged disability due to chronic arthritis in her lower back. (Tr. 483.) Her application was initially denied (Tr. 362-63) and she

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 369.) On July 23, 2018, the ALJ held a hearing on Bolin's claim. (Tr. 304-340.) Bolin was represented by counsel at the hearing, and an impartial vocational expert testified. *Id*. On the day of the hearing, Bolin amended her alleged onset date to October 13, 2017. (Tr. 467.)

In a decision issued on October 19, 2018, the ALJ found Bolin was not disabled as defined in the Act from the amended alleged onset date through the date of the decision. (Tr. 298). Bolin filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 430). Bolin also requested additional time to submit evidence. (Tr. 557.) While the claim was pending before the Appeals Council, Bolin submitted additional records. (Tr. 11-287.) The Appeals Council put the new evidence in two different categories. As to the first category of evidence, medical records dated before October 19, 2018, the Appeals Council stated the evidence "does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) As to the second category, medical records dated after October 19, 2018, the Appeals Council stated "The Administrative Law Judge decided your case through October 19, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 19, 2018." *Id.* On October 22, 2019, the SSA's Appeals Council denied Bolin's request for review, and adopted the ALJ's decision in full. (Tr. 1-4.)

## II.     Standard for Determining Disability Under the Act

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be

2

"of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### III.  The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ here found that Bolin met the insured status requirements of the Social Security Act through December 31, 2022, and that she had not engaged in substantial gainful activity since October 13, 2017, the amended alleged onset date. (Tr. 294.) Next, the ALJ found that Bolin has the following severe impairments: osteoarthritis/degenerative disc disease of the lumbar spine and mild osteoarthritis in both hands and wrists. The ALJ found that Bolin's obesity, hypertension, hypothyroidism, allergies to certain fruits, gastro-esophageal reflux disease (GERD), minimal to mild osteoarthritis in her left knee, and mild osteoarthritis in her right foot were non-severe impairments. (Tr. 294.)

The ALJ determined that Bolin did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ also determined that Bolin had the residual functional capacity to perform light work with additional limitations. She should never climb ladders, ropes, or scaffolds, and should only occasionally be required to climb ramps or stairs. The ALJ further stated Bolin should only occasionally balance, kneel, crouch or crawl, and have no more than occasional exposure to extreme cold. The ALJ stated Bolin can frequently handle, finger, and feel, bilaterally. (Tr. 295.) Based on the foregoing, the ALJ found that Bolin was capable of performing her past relevant work as a childcare worker (Dictionary of Occupational Titles (DOT) No. 359.677-018, light exertion level, semi-skilled, Specific Vocational Preparation (SVP) 4), and electric assembler (DOT No. 729.687-010, light exertion level, unskilled, SVP 2). (Tr. 298.) Therefore, the ALJ ultimately concluded that Bolin was not under a disability, as defined by the Social Security Act, from the amended alleged onset date of October 13, 2017 through the date of the decision, October

19, 2018. (Tr. 298.) Bolin has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the SSA.

**IV.     Standard for Judicial Review**

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two

5

inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.  Discussion

Bolin first challenges the ALJ's decision, asserting that the ALJ failed to fully and fairly develop the record. Specifically, she argues that the ALJ failed to obtain any medical evidence that addresses Bolin's ability to function in the workplace and that supports the RFC assessment, and should have ordered a consultative examination or a medical expert to review the record for an opinion. Second, Bolin argues that in light of the evidence submitted while the ALJ decision was pending before the Appeals Council, the ALJ's decision is contrary to the weight of the evidence *currently* in the record, including the new evidence submitted after the decision.

Defendant argues that the ALJ properly evaluated the evidence in a manner consistent with the SSA's regulations and policies, and included all supported limitations in the RFC, and substantial evidence supports the ALJ's determination. Defendant further argues that the new evidence that Bolin wants the Court to consider does not provide a reasonable basis to change the outcome of the ALJ's decision.

### A.  Consideration of New Evidence

The Court first determines what evidence to consider. After the ALJ issued her decision on October 19, 2018, Bolin requested review by the Appeals Council and submitted additional evidence. Bolin contends this evidence was material to her medically determinable impairments during the period of disability.

When new and material evidence is submitted to the Appeals Council,

> [t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the

6

administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). The Eighth Circuit has explained that in this situation,

The newly submitted evidence is to become part of what we will loosely describe here as the "administrative record," even though the evidence was not originally included in the ALJ's record. If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council if the evidence is new and material. If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision.

*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992) (internal citation and quotation omitted).

Here, Bolin submitted to the Appeals Council records from both before and after the ALJ's October 19, 2018 opinion. For the records reflecting treatment *after* the ALJ issued her decision, the Appeals Council stated that the evidence does not relate to the time period at issue and therefore does not affect the decision about whether Bolin was disabled beginning on or before October 19, 2018. (Tr. 2.) The undersigned agrees that these records are not material and will not consider them as a basis for remand.[2]

The additional records that reflect treatment *before* the ALJ's decision include: 75 pages of records from Barnes Jewish Hospital dated May 17, 2016 to October 17, 2018; 93 pages of records from Affinia Healthcare dated September 12, 2016 to April 27, 2018; 61 pages of records from Washington University School of Medicine dated April 25, 2017 to October 12, 2018; and three pages of records from Charles H. Lieu, M.D., BJCMG dated October 17, 2018. (Tr. 56-287.)

---

[2] These new records include 31 pages of records from Barnes Jewish Hospital dated October 31, 2018 to February 22, 2019; three pages of records from Washington University Pain Center dated November 7, 2018; nine pages of records from Washington University School of Medicine dated November 16, 2018 to January 16, 2019; two pages of records from Charles H. Lieu, M.D., BJCMG dated January 23, 2019; and a three page medications list from Bolin dated August 28, 2019. (Tr. 8-55.)

The Appeals Council found that this evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision.

The Appeals Council asserted proper bases of denial under 20 C.F.R. § 202.970(a)(5) to demonstrate that it considered the new evidence. Because the Appeals Council considered the evidence but declined to review the case, the records dated for before the ALJ's decision (Tr. 56-287) shall be considered in determining whether substantial evidence in the current administrative record supports the ALJ's decision.

### B. Development of the Record

Bolin argues that the ALJ failed to properly develop the record, and that the additional evidence submitted further supports that the case should be remanded.

An ALJ has a duty to develop the record fully and fairly, independent of the claimant's burden to press her case. *Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010). A social security hearing is a non-adversarial proceeding, and the ALJ must develop the record so that "deserving claimants who apply for benefits receive justice." *Battles v. Shalala,* 36 F.3d 43, 44 (8th Cir. 1994). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir. 1994); *see also Cox v. Astrue,* 495 F.3d 614, 620 n.6 (8th Cir. 2007) (a claimant's records need not explicitly discuss work-related limitations, as long as the records "describe [claimant's] functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment").

Here, the record contains no opinion evidence regarding the effect Bolin's physical impairments have on her ability to work. Notably, the ALJ found Bolin's degenerative disc disease of the lumbar spine and mild osteoarthritis in both hands and wrists to be severe impairments. (Tr.

8

294.) Nevertheless, the undersigned finds that substantial evidence supports the ALJ's conclusion that Bolin can perform light work with additional limitations. Bolin points to her x-rays and MRIs to suggest a physical RFC was necessary and that the records reflect substantial support for a sedentary RFC. Bolin's records reflect a history of back pain going back to December 2015. On May 10, 2016, an x-ray of the lumbar spine revealed grade 1 anterolisthesis of L4 on L5, and mild L4-L5 and moderate L-5 to S-1 degenerative disc disease. (Tr. 749, 769.) On October 4, 2016, an MRI of the lumbar spine revealed grade 1 anterolisthesis of L4 on L5 secondary to mild bilateral facet arthropathy of the L3-L4 and moderate right and severe left facet arthropathy of the L4-L5. (Tr. 745-46, 761-62.) On March 31, 2016, an x-ray of her left wrist demonstrated moderate narrowing at the scaphoid multangular articulation. (Tr. 703-05.) On April 16, 2018, later wrist and hand x-rays revealed no evidence of inflammatory arthritis, but mild osteoarthritis of bilateral thumb bases. (Tr. 814.) On August 23, 2017, x-rays of the feet revealed mild first metatarsophalangeal joint osteoarthritis in her right foot, and the left foot was found to be normal. (Tr. 826.) New x-rays of both feet taken on October 12, 2018, reveal no change to Bolin's mild osteoarthritis. (Tr. 116.) Additionally, an October 6, 2016 nerve conduction study for reported left leg pain resulted in normal findings. (Tr. 772.) While examinations reveal degenerative disc disease and osteoarthritis, imaging results generally described degenerative changes and "mild" or "moderate," and repeat imaging in her feet reflect "unchanged" condition.

Moreover, Bolin's more recent treatment with Dr. Lieu reflects that her pain is "mild" and her range of motion is normal, with the exception that she was unable to fully extend her left knee. (Tr. 133, 801-806.) While Bolin often reported pain from a 6 out of 10 to a 10 out of 10 on the pain scale and the newly submitted records reflect additional reports of persistent back pain, she generally had conservative treatment, including oral medications, back bracing, physical therapy,

and shoe inserts for arch support. Bolin received nerve block injections for back pain on a few occasions and reported improved symptoms following the injections. (Tr. 86, 230, 756-57, 766-67.) Dr. Ziegler encouraged Bolin to do home exercises on a daily basis rather than the approximately two times a week she reported doing the at home program. (Tr. 123-124.) Dr. Ziegler also recommended a second round of physical therapy, which Bolin initially declined, opting to continue her at home exercises and receive an additional nerve block injection. No more aggressive treatment or surgical intervention was recommended by her physicians. In light of the records considered by the ALJ and the additional records provided to the Appeals Council, it cannot be said that remand is necessary because there was no opinion evidence regarding Bolin's RFC. The ALJ appropriately evaluated Bolin's physical impairments and accounted for those impairments by restricting her to light work with further postural, environmental, and handling limitations. The ALJ did not err in declining to obtain opinion evidence regarding physical impairment. *See Naber*, 22 F.3d at 189 (remand is not required as "long as other evidence in the record provides a sufficient basis for the ALJ's decision").

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence

10

presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). The records submitted to the Appeals Council do not overcome the evidence supporting the ALJ's decision.

## IV. Conclusion

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record, and the additional evidence submitted to the Appeals Council does not overcome the evidence supporting the ALJ's decision. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. (Docs. 1, 17.)

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

NANNETTE A. BAKER  
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of March, 2022.